UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

THOSE CERTAIN UNDERWRITERS AT )
LLOYD'S, LONDON, SUBSCRIBING TO )
POLICIES PGIARK07130-00 AND )
PGIXS00556-00, )
            )
           Plaintiff, )     Case No. 1:19-cv-00252
            )
           v. )
            )
DVO, INC. and DAIRY ENERGY, INC., )
            )
           Defendants. )

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION FOR**
**SUMMARY JUDGMENT RE: DUTY TO DEFEND AND DUTY TO INDEMNIFY**
(Doc. 50)

Plaintiff, Those Certain Underwriters at Lloyd's, London, subscribing to policies PGIARK07130-00 ("Policy 7130") and PGIXS00556-00 ("Policy 556") (collectively, "Policies"), brings this action against Defendants DVO, Inc. ("DVO") and Dairy Energy, Inc. ("Dairy Energy") (collectively, "Defendants") seeking a declaratory judgment regarding its duties to defend and indemnify DVO in an underlying action in the Virginia Circuit Court for the County of Pittsylvania (the "Virginia Court") between DVO and Dairy Energy, captioned *Dairy Energy, Inc. v. DVO, Inc.*, Case No. CL18002382-00 (Va. Cir. Ct.) (the "Underlying Action"). Pending before the court is Plaintiff's second motion for summary judgment filed by Plaintiff in this case. (Doc. 50.)

DVO is the insured under Policy 7130 and Policy 556. Policy 7130 contains a professional liability policy (the "7130 Professional Liability Policy") and a commercial general liability policy (the "7130 Commercial General Liability Policy"). Policy 556 affords excess coverage subject to the same terms and conditions set forth in Policy 7130.

In its Complaint, Plaintiff asserts that it is not required to defend or indemnify DVO under the 7130 Professional Liability Policy and that, to the extent that the

Underlying Action would otherwise trigger coverage, several exclusions apply. In response, DVO counterclaims for a declaratory judgment that the Policies give rise to a duty to defend the Underlying Action because the Underlying Action concerns professional services to which no exclusions apply.

Dairy Energy counterclaims seeking a declaratory judgment that DVO is entitled to defense and indemnity for the Underlying Action under the 7130 Professional Liability Policy and, upon exhaustion of the limits of the 7130 Professional Liability Policy, under Policy 556. Dairy Energy argues that to the extent it recovers from DVO in the Underlying Action, "it would be entitled to the proceeds of the Professional Policy [and the Excess Policy]." (Doc. 29 at 10-11, ¶¶ 99 & 107.)

On September 3, 2019, DVO moved for partial summary judgment, seeking dismissal of Plaintiff's Complaint, a declaration that Plaintiff must defend DVO in the Underlying Action pursuant to the terms of the 7130 Professional Liability Policy, and reimbursement for attorneys' fees and costs incurred in connection with this action. Plaintiff opposed the motion and cross-moved for summary judgment requesting a declaration that Plaintiff is not required to defend or indemnify DVO. In addition, Plaintiff moved to dismiss DVO's claim for breach of the implied covenant of good faith and fair dealing. DVO and Dairy Energy opposed Plaintiff's cross-motion.

On July 17, 2020, the court issued an Opinion and Order granting DVO's motion for partial summary judgment, declaring that Plaintiff had a duty to defend DVO in the Underlying Action and ordering Plaintiff to reimburse DVO for attorneys' fees and reasonable costs incurred in filing and briefing that part of the motions devoted to Plaintiff's duty to defend. The court denied Plaintiff's cross-motion for summary judgment with regard to the duty to defend. It denied without prejudice Plaintiff's request for a declaration that it is not required to indemnify DVO in the Underlying Action and denied DVO's request to dismiss Plaintiff's allegations concerning its duty to indemnify. The court granted Plaintiff's motion to dismiss DVO's breach of the implied covenant of good faith and fair dealing claim.

On April 8, 2021, Plaintiff filed a second motion for summary judgment asserting

that a transcript from a February 27, 2019 hearing in the Underlying Action on DVO's plea in bar (the "Plea in Bar") "made clear that the only claim [in the Underlying Action] was Dairy Energy's breach of express warranty claim[,]" which falls under an exclusion to the Policies, and "its current duty to defend is extinguished as a result." (Doc. 50-2 at 3-4.)

Defendants oppose Plaintiff's motion, arguing that the Plea in Bar did not dismiss any of Dairy Energy's claims or theories of recovery. They argue that the duty to defend arises from the nature of the alleged wrongdoing, not the causes of action in the Underlying Action. Dairy Energy further contends that under Virginia law, a statute of limitations limits remedies but does not eliminate liability for professional negligence. DVO also asserts that the 7130 Commercial General Liability Policy provides coverage in the Underlying Action and that Plaintiff's motion must be denied for failing to address that policy.

Plaintiff is represented by Dan D. Kohane, Esq., Michael Kotula, Esq., and Steven E. Peiper, Esq. DVO and Dairy Energy are represented by Charles E. Graney, Esq. and Steven R. Hamlin, Esq. Dairy Energy is also represented by David M. Knapp, Esq. and Kevin T. Merriman, Esq.

## I.     The Factual Record.

The court relies on the facts set forth in its July 17, 2020 Opinion and Order as well as the transcript of the Plea in Bar hearing (Doc. 50-4). The parties dispute its proper interpretation, but not its accuracy.[1]

---

[1] In deciding the pending motion, the court disregards the legal opinions set forth in the declarations of Plaintiff's counsel Regina Maria Policano, Esq. and DVO's counsel Guy M. Harbert, III, Esq. *See* Fed. R. Civ. P. 56(c)(4) ("[A] declaration used to support or oppose a motion [for summary judgment] must . . . set out facts that would be admissible in evidence[.]"); *Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ("[I]t is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court.") (collecting cases).

## II.   Conclusions of Law and Analysis.

### A.   Whether Plaintiff's Second Motion for Summary Judgment is Procedurally Improper.

"[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). In many cases, allowing successive motions for summary judgment is "logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (quoting Fed R. Civ. P. 1). The movant should nonetheless present the court with a "good reason . . . why a prior denial of a motion for summary judgment is no longer applicable or should be departed from[.]" *Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 913 (7th Cir. 1973).

"District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has *expanded the factual record* on which summary judgment is sought." *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) (emphasis supplied) (internal quotation marks omitted) (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000)); *see also Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (holding successive motions appropriate when "substantially different, new evidence has been introduced"). However, "successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion[.]" *Brown*, 673 F.3d at 147 n.2 (citing *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004)).

"'[T]he piecemeal consideration of successive motions for summary judgment' [is not condoned] because parties ought to be 'held to the requirement that they present their strongest case for summary judgment when the matter is first raised.'" *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (quoting *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)). A party should not "treat their initial summary judgment motions as a dry run which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties

4

and at a considerable drain to scarce judicial resources—via a new Rule 56 motion later on to correct any deficiencies identified by opposing counsel or the court in processing the initial motion." *Jackson v. Goord*, 2013 WL 1560204, at *5 (W.D.N.Y. Apr. 10, 2013) (internal quotation marks omitted) (quoting *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011)).

Plaintiff's second motion for summary judgment asserts the same arguments as its initial motion; the only difference is the inclusion of the Plea in Bar hearing transcript and its interpretation by Plaintiff's Virginia counsel. The Plea in Bar hearing took place on or about February 27, 2019 and was electronically recorded by a court reporter. Plaintiff claims it was "unaware that a court reporter had been ordered for the proceedings [and] that a transcript of those proceedings could be ordered," although Plaintiff was aware that the hearing took place. (Doc. 50-2 at 3.)

Plaintiff's initial motion for summary judgment was filed on October 15, 2019, over seven months after the Plea in Bar hearing. The July 17, 2020 Opinion and Order addressing that motion was issued nearly seventeen months after the Plea in Bar hearing. Plaintiff hired Virginia counsel after the July 17, 2020 decision. (Doc. 50-3 at 2, ¶ 2.) The electronic recording of the Plea in Bar hearing was transcribed on September 4, 2020, presumably at the request of Plaintiff's Virginia counsel. (Doc. 50-4 at 9.)

While court reporters are not required in civil cases in Virginia, if a party retains one, "the reporter is subject to the control and discipline of the trial judge." *White v. Morano*, 452 S.E.2d 856, 858 (Va. 1995) (citing Va. Sup. Ct. R. 1:3). "Any interested person may secure a transcript of the proceedings, or any part thereof, upon terms and conditions fixed by the judge." *Id.* (citing Va. Sup. Ct. R. 1:3; Va. Code Ann. § 8.01-420.3). Plaintiff has not explained why it failed to obtain the transcript of the Plea in Bar hearing prior to the July 17, 2020 Opinion and Order.

Where a successive motion for summary judgment is filed on the basis of an expanded factual record, the new facts must generally postdate the prior motion.[2] Courts

---

[2] *See, e.g., Hoffman*, 593 F.3d at 912 (allowing successive motion based on a deposition and testimony from "after the deadline for pretrial summary judgment motions," which "expanded

have generally declined to consider successive motions for summary judgment when the newly raised facts were available at the time of a prior motion. *See, e.g., Siemens Westinghouse*, 219 F.R.D. at 554 ("[T]he Court declines to exercise that discretion [to consider successive motions for summary judgment] here because [movant] has not raised any new facts or arguments which it could not have raised in the first round of briefing."); *Bryant v. Silverman*, 2018 WL 4357478, at *3 (S.D.N.Y. Sept. 12, 2018) (declining to consider successive motion because the new evidence "was available to [movant] at the time of his initial motion for summary judgment. Moreover, the Court will not excuse [movant's] failure to recognize its significance").

As Plaintiff's acquisition of the Plea in Bar hearing transcript demonstrates, it was possible to obtain a copy of it prior to Plaintiff's initial motion for summary judgment. Plaintiff had a duty to "present [its] strongest case for summary judgment when the matter [was] first raised." *Siemens Westinghouse*, 219 F.R.D. at 554 (internal quotation marks and citation omitted). Against this backdrop, there is no reason to "excuse [Plaintiff's] failure to recognize [the transcript's] significance." *Bryant*, 2018 WL 4357478, at *3. Because Plaintiff has failed to raise "any new facts or arguments which it could not have raised in the first round of briefing[,]" *Siemens Westinghouse*, 219 F.R.D. at 554, Plaintiff's successive motion for summary judgment is procedurally improper. The court nonetheless exercises its discretion to address the merits of Plaintiff's successive motion for summary judgment, solely for the purpose of determining whether it would alter the outcome of the court's July 17, 2020 Opinion and Order.

---

the factual record beyond what it had been at the time of the pretrial summary judgment motion"); *Kirby v. P.R. Mallory & Co., Inc., 489 F.2d 904, 913 (7th Cir. 1973)*, (upholding district court's consideration of successive motion based on interrogatory responses made after denial of the first motion); *Brown v. City of Syracuse, 673 F.3d 141, 147 n.2 (2d Cir. 2012)*, (upholding district court's consideration of successive motion based on the "effect on the factual record" of evidentiary ruling made after the denial of the first motion); *Beechwood Restorative Care Ctr. v. Leeds*, 811 F. Supp. 2d 667, 674 (W.D.N.Y. 2011) ("Although I am not convinced that some of the grounds now asserted in support of defendants' current motion could not have been presented previously, there has been a significant amount of discovery since [the initial · motion for summary judgment].").

**B.      Whether the Plea in Bar Transcript Determines Plaintiff's Duty to Defend and Indemnify.**

In its July 17, 2020 Opinion and Order, the court declared that although the complaint in the Underlying Action clearly alleges a breach of express warranty claim, it could also be "reasonably construed to allege claims of negligent design or breach of contract, both of which would fall within the exception to Exclusion H[.]" *Those Certain Underwriters at Lloyd's, London v. DVO, Inc.*, 473 F. Supp. 3d 236, 259 (W.D.N.Y. 2020). An insurer's duty to defend "perdures until it is determined with certainty that the policy does not provide coverage." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 620 (2d Cir. 2001). It "ends if '[the insurer] establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.'" *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 97 (2d Cir. 2002) (quoting *Allstate Ins. Co. v. Zuk*, 574 N.E.2d 1035, 1037 (N.Y. 1991)); *accord Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.*, 955 F.3d 305, 310 (2d Cir. 2020).

Plaintiff contends that the Plea in Bar hearing transcript establishes that it is entitled to a declaration that it has no duty to defend in the Underlying Action because "it is clear from the transcript of [the Plea in Bar hearing] that the Underlying Action does not include any claims other than the one for breach of an express warranty." (Doc. 50-2 at 4.) The Virginia Court's explained its denial of the Plea in Bar as follows:

> All right. Court at this time will overrule the plea in bar finding that taken the facts at -- at face value, understanding that the defendant is denying the contract that was attached, and the purported warranty and the purported notice, and the -- obviously in the breach, but taking it all at face value, the court will find that this is a claim that they've asserted. It is a breach of contract. Specifically, they've alleged a breach of the warranty within the contract, and that when it would accrue, is at the time with the breach, as you are correct on that. It's not that, when the design or whenever it was designed, it faltered in the five-year. It would make the bargained -- and -- and it again, taken the plaintiff, everything at their face value, that that bargain for ten-year warranty meaningless, and that is not against public policy. I mean, if anything, it'd be encouraged, and I think case law

supports, that the warranties would be that you can contract for warranties for work. Court will note your continuing objection in regard to the matter.

(Doc. 50-4 at 8.)

The Virginia Court's March 12, 2019 written order overruling the Plea in Bar states in its entirety: "On February 27, 2019 came the parties, by counsel, and argued Defendant's Plea in Bar, and upon consideration of the pleadings, memoranda, and arguments of counsel, and finding it otherwise proper to do so, the Plea in Bar is hereby OVERRULED." (Doc. 43-1 at 2.)

The Plea in Bar hearing transcript is not a model of clarity. Considering it "in the light most favorable to [Defendants,]" *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (citations and internal quotation marks omitted), the Virginia Court did not reject any of Dairy Energy's claims or theories of recovery, nor did it render an unequivocal declaration of the claims pending before it. As a result, as a purely factual matter, the Plea in Bar transcript does not provide the authoritative ruling Plaintiff ascribes to it.

As a matter of law, the Virginia Court's overruling of the Plea in Bar also did not affect any of Dairy Energy's claims in the underlying action.

> A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery. The party asserting the plea in bar bears the burden of proof. Two possible standards of review apply, depending on whether the plea's proponent elects to meet that burden by presenting evidence or relying on the pleadings. In the former situation, in which the parties present evidence on the plea *ore tenus*, the circuit court's factual findings are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support. *In the latter situation, where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented. In doing so, the facts stated in the plaintiff's complaint are deemed true.*

*Massenburg v. City of Petersburg*, 836 S.E.2d 391, 394 (Va. 2019) (internal quotation marks, brackets, and citations omitted) (emphasis supplied). DVO relied on the pleadings for its Plea in Bar and did not present evidence. (Doc. 50-4 at 4.) The Virginia Court therefore made no binding factual findings. *Massenburg*, 836 S.E.2d at 394. An order sustaining a plea in bar "is sufficient to dispose of a claim(s) or cause(s) of action subject

to the plea in bar," but an order *overruling* a plea in bar is not. Va. Sup. Ct. R. 1:1. Under Virginia law,

> A demurrer tests the legal sufficiency of the allegations in a complaint. A plea in bar does not. It raises a *bar*, not a mere sufficiency challenge, to the allegations in a complaint. Under modern practice, a plea in bar does not point out the legal insufficiency of allegations but rather demonstrates their irrelevance because of some other dispositive point—usually some affirmative defense such as the statute of limitations, res judicata, collateral estoppel by judgment, accord and satisfaction, or statute of frauds[.]

*Our Lady of Peace, Inc. v. Morgan*, 832 S.E.2d 15, 24 n.4 (Va. 2019) (emphasis in original) (internal quotation marks and citations omitted).

The Virginia Court did not determine the legal sufficiency of Dairy Energy's complaint in the Underlying Action, nor did it make a binding judicial declaration regarding the factual or legal nature of the claim or claims pending before it. Its conclusion was limited to a ruling that DVO did not sustain its burden of establishing its affirmative defense that a five-year statute of limitations barred Dairy Energy's recovery.

Because Plaintiff has not "establishe[d] as a matter of law that there is no possible factual or legal basis on which [Plaintiff] might eventually be obligated to indemnify its insured under any policy provision[,]" *Burt Rigid Box*, 302 F.3d at 97 (internal quotation marks and citation omitted), Plaintiff's duty to defend "perdures[.]" *Hugo Boss Fashions*, 252 F.3d at 620. Accordingly, even when Plaintiff's procedurally improper second summary judgment motion is considered, the outcome is unchanged. Plaintiff's second motion for summary judgment is DENIED.[3]

### C.   Whether DVO is Entitled to an Award of Attorneys' Fees and Costs.

DVO seeks an award of the attorneys' fees and costs it incurred in opposing Plaintiff's second summary judgment motion. Plaintiff opposes an award of fees because

---

[3] Dairy Energy and DVO raise additional arguments as to why Plaintiff's motion should be denied, including that Plaintiff fails to address whether the 7130 Commercial General Liability Policy gives rise to a duty to defend. The court finds it unnecessary to reach these arguments which do not respond to Plaintiff's second motion for summary judgment but seek to introduce new issues by way of an opposition.

it argues DVO has not demonstrated that Plaintiff breached its contractual duties to DVO.

"[A]n insured who is 'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action[.]" *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 822 N.E.2d 777, 780 (N.Y. 2004) (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 389 N.E.2d 1080, 1085 (N.Y. 1979)). "[A]n insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action[.]" *Id.*

Because DVO has prevailed on an issue relevant to the duty to defend, it is entitled to a partial award of attorneys' fees and costs even though Plaintiff's ultimate duty to indemnify has not been determined. *See Am. Auto. Ins. Co. v. Sec. Income Planners & Co., LLC*, 847 F. Supp. 2d 454, 466 (E.D.N.Y. 2012); *Specialty Nat'l Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 472-73 (S.D.N.Y. 2009). The court therefore ORDERS DVO to submit a statement of attorneys' fees and costs incurred in connection with defending that part of Plaintiff's motion that pertains to the Plea in Bar hearing transcript, supported by an affidavit, within thirty (30) days from the date of this Opinion and Order. Plaintiff may oppose DVO's calculation of fees within fourteen (14) days of DVO's filing.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for summary judgment seeking a declaration that Plaintiff has no duty to defend or indemnify in the Underlying Action. (Doc. 50.) The court ORDERS DVO to submit a statement of attorneys' fees and costs incurred in connection with this motion, supported by an affidavit, within thirty (30) days. Plaintiff may oppose DVO's calculation of fees within fourteen (14) days of DVO's filing.

SO ORDERED.

Dated this _27th_ day of December, 2021.

Christina Reiss, District Judge
United States District Court